**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM CHARLES SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number CIV-04-478-C |
| ) | |
| STEVE BECK, Warden, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

Now before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner William Charles Smith (Smith) under the authority of 28 U.S.C. § 2254. Consistent with 28 U.S.C. § 636(b)(1)(B), the Court referred the Petition to Magistrate Judge Purcell who, in turn, entered a Report and Recommendation (R&R) on September 30, 2004, recommending that Smith's Petition be denied. Smith timely filed an objection and, as ordered by the Court, Respondent Steve Beck filed a response. Accordingly, the matter is ripe for disposition.

After thorough consideration of the R&R and the submissions of the parties, the Court respectfully declines to adopt the R&R in toto. As delineated more fully herein, the Court **ADOPTS IN PART** the R&R and **CONDITIONALLY GRANTS** Smith's Petition for Writ of Habeas Corpus.

## BACKGROUND [1]

On October 12, 1999, an Oklahoma State Trooper (Trooper) clocked Smith driving 72 m.p.h. in a 65 m.p.h. zone and initiated a traffic stop. (Respt's Relevant State Ct. R., Dkt. No. 18, Ex. 3, at 62.)[2] Smith's windows were darkly tinted, thus Trooper asked Smith to exit his vehicle and approach Trooper's car. (Id. at 63.) Smith failed to produce a valid driver's license and, when asked by Trooper, stated his license had been suspended. (Id. at 64-65, 72-73.) Trooper conducted a "pat-down" search, at the conclusion of which Smith sat in Trooper's patrol car. (Id. at 65, 73.) While in the patrol car, Trooper smelled alcohol on Smith's person and asked Smith if there were open containers of alcohol in his car—Smith said yes and informed Trooper of the location of beer in the car. (Id. at 65-66.) Trooper searched Smith's car and located the beer. (Id. at 66.) During his search, Trooper viewed the top of a plastic "baggie" protruding from the pocket located on the back of the driver's seat. (Id. at 53-55, 66-67, 74.) Trooper pulled open the pocket and shined his flashlight into the pocket—the baggie contained a white substance Trooper thought was methamphetamine. (Id. at 66-67, 74.) Trooper did not straightaway alert Smith to his finding of the baggie, but instead placed the baggie on the front seat and continued his search. (Id. at 67.) Trooper completed his search of the vehicle and promptly arrested Smith. (Id. at 51, 55-56.) Trooper

---

[1] Neither the District Court of Washita County, State of Oklahoma, nor the Oklahoma Court of Criminal Appeals made findings of fact in their respective summary opinions. Consequently, the Court relies upon, and makes citations to, the trial record as provided by the litigants in conducting its independent review. See Aycox v. Lytle, 196 F.3d 1174, 1177-78 (10th Cir. 1999).

[2] The Court will cite to Respondent's Relevant State Court Records (Dkt. No. 18) in the following form: "Records, Ex. __ at __."

placed handcuffs on Smith and then revealed his discovery of the baggie. (Id.) Trooper subsequently proceeded to ask questions regarding ownership of the baggie. (Id. at 51.) After Trooper asked Smith "many times" about the baggie, Smith stated that the substance was "cocaine and that he was going to do big time . . . ." (Id. at 67.) Trooper never gave Miranda[3] warnings to Smith while on the side of the roadway or at the county jail. (Id. at 51.)

In the District Court of Washita County, State of Oklahoma, case number CF-99-56, a jury subsequently convicted Smith on three charges: Count One, Trafficking in Illegal Drugs – Cocaine Base, 63 OKLA. STAT. § 2-415 (1999); Count Two, Driving While Under Suspension, 47 OKLA. STAT. § 6-303; and Count Three, Unlawful Transportation of Beer in Opened Container, 21 OKLA. STAT. § 1220. (Id., Ex. 6, at 3) The trial court sentenced Smith according to the jury's recommendations: twenty-five years' imprisonment for Trafficking in Illegal Drugs – Cocaine Base; one year imprisonment and a $500.00 fine for Driving While Under Suspension; and a $50.00 fine for Unlawful Transportation of Beer in Opened Container.[4] (Id. at 4.) On direct appeal, case number F-2001-224, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the judgment and sentence of the District Court for Washita County. (Id., Ex. 2, at 3.) On his motion for post-conviction relief, the state district court denied Smith's claims of ineffective assistance of appellate counsel in a summary

---

[3] See Miranda v. Arizona, 384 U.S. 436 (1966).

[4] The trial court ordered the one-year and twenty-five-year imprisonment terms to run consecutively.

opinion (id., Ex. 4, at 2); the OCCA, also in a summary opinion, subsequently affirmed the denial of post-conviction relief (id., Ex. 1, at 2).  Next, Smith filed the current Petition for Writ of Habeas Corpus and asserted three bases for ineffective assistance of appellate counsel.  Judge Purcell addressed each contention and recommended that Smith's Petition be denied.

## STANDARD OF REVIEW

The Court must review de novo those portions of the R&R to which Smith filed an objection.  28 U.S.C. § 636(b)(1).  In making the de novo determination, the Court must consider all evidence in the record and may not merely review the R&R.  Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

As a threshold matter, the Court must also determine the standard of review due the OCCA's summary order affirming the state district court's denial of post-conviction relief on the ground that "[t]he record before this [c]ourt does not support [Smith]'s contention that he was denied effective assistance of counsel on appeal."  (Records, Ex. 1, at 2.)  The OCCA's summary opinion acts as an adjudication on the merits even though it lacks explanation or citation to authority.  Aycox v. Lytle, 196 F.3d 1174, 1177-78 (10th Cir. 1999);[5] see Mitchell v. Esparza, 540 U.S. 12, 16 (2003) ("We have held that a state court

---

[5] Here, unlike in Aycox, the state district court did address Smith's claims on the merits and
(continued...)

need not even be aware of our precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'") (citation omitted).  Accordingly, the Court must give deference to the OCCA's result and may grant habeas corpus relief only if the Court, in its independent review of the record and any applicable federal law, is persuaded that the OCCA's decision is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2); Aycox, 196 F.3d at 1178.

## DISCUSSION

**I.     Smith's Objections to the R&R.**

Judge Purcell recommended that Smith's Petition be denied on the ground that each of Smith's ineffective assistance of appellate counsel claims lack factual support; therefore, appellate counsel's failure to raise the issues was not objectively unreasonable assistance. Smith proffers four objections to the R&R:  The Magistrate Judge should not have given § 2254 deference to the OCCA's summary opinion denying post-conviction relief; Trooper's discovery of the cocaine base in the car was the fruit of an unlawful search; trial counsel was

---

[5] (...continued)
at least recited the applicable doctrinal names in its terse denial of post-conviction relief. (See Records, Ex. 4.)

ineffective when he failed to make a <u>Daubert</u>[6] challenge to Mr. Carder's[7] testimony; and the R&R's conclusion is based in part upon the erroneous factual determination that Smith made his incriminating statement in the context of a valid <u>Terry</u>[8] stop where <u>Miranda</u> warnings are not required. The first three of Smith's objections may be disposed of with little discussion. Smith's fourth objection, however, is meritorious and deserves close scrutiny.

    A.    <u>Smith's First Objection – Federal Deference to a State Appellate Order.</u>

Smith first argues that the Magistrate Judge should not have followed the Tenth Circuit's holding in <u>Aycox</u> and given § 2254 deference to the OCCA's summary opinion which lacked any explanation or reasoning. Smith's argument fails as the Court is bound to follow the Tenth Circuit's precedent enunciated in <u>Aycox</u>, not overturn it. <u>United States v. Spedalieri</u>, 910 F.2d 707, 709 n.2 (10th Cir. 1990). Moreover, Smith waived this argument as he raised it for the first time in his objections to the R&R. <u>United States v. Garfinkle</u>, 261 F.3d 1030, 1031 (10th Cir. 2001).

    B.    <u>Smith's Second and Third Objections – Examples of Ineffective Assistance.</u>

Smith's second and third arguments concern his claims of ineffective assistance of appellate counsel for failing to raise on direct appeal trial counsel's ineffectiveness for not challenging the alleged illegal search of Smith's car and Mr. Carder's testimony under

---

[6] See <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993).

[7] During Petitioner's trial, Mr. Carder identified himself as the supervisor of the District 3 Drug Task Force for the third judicial district in Oklahoma.

[8] See <u>Terry v. Ohio</u>, 392 U.S. 1 (1968).

Daubert.  Smith merely disagrees with the Magistrate Judge's conclusions—not his analysis—and rehashes the same arguments initially made in his Petition.  There is nothing asserted by Smith in his arguments which was not fully considered and correctly rejected in the R&R.  Smith fails to set forth any argument of fact or law in his objections which would require a different result.  Therefore, the Court is not swayed by Smith's objections and adopts the R&R as it pertains to the search of Smith's car and the admission of Mr. Carder's testimony.

    C.    Smith's Fourth Objection – Erroneous Factual Determination.

For his fourth objection, Smith argues that the R&R is based upon the erroneous factual determination that the incriminating "cocaine" statement was made during a Terry stop where Miranda warnings were not required; therefore, the R&R's legal conclusion—that there is no ineffective assistance of counsel because there is no factual support for the purported Miranda violation—is also erroneous.  Respondent argues that the Terry-stop analysis is correct, and further argues that the record is unclear as to when Smith made the statement.  After thorough consideration of the arguments and the record, the Court finds that Smith's incriminating statement occurred during Trooper's custodial interrogation.  The Court, therefore, respectfully declines to adopt the R&R's Terry-stop analysis and the legal conclusions stemming therefrom for reasons discussed below.

**II.     Smith's Claim for Federal Habeas Corpus Relief.**

   A.     Ineffective Assistance of Counsel and *Miranda* Analysis.

To prevail on an ineffective assistance of counsel claim, Smith must demonstrate that his counsel's performance was both deficient and prejudicial to his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove deficient performance, Smith must identify counsel's representation which, under the totality of circumstances, was not the result of objective, reasonable, and professional judgment. Id. at 688-90. A strong presumption exists, however, that counsel's representation is within the wide spectrum of prevailing professional norms for providing legal assistance. Id. To prove prejudice, Smith must show a reasonable probability that, but for his counsel's deficient representation, the outcome of the judicial proceeding under consideration would have been different.[9]

Here, Smith argues that his appellate counsel was ineffective for failing to raise an ineffective trial counsel claim, and that trial counsel was ineffective for failing to challenge the admissibility of Smith's incriminating "cocaine" statement under Miranda.[10] To assess

---

[9] In his R&R, Judge Purcell correctly cites Strickland's two-part test for ineffective assistance of counsel—deficient performance and resulting prejudice. However, in his discussion of Strickland's prejudice prong, he cites language requiring Smith prove his appellate counsel omitted a "dead-bang winner," or, in other words, that the omitted claim would have resulted in reversal on appeal. The Tenth Circuit has expressly disavowed the use of the "dead-bang winner" language as being in conflict with Strickland. Neill v. Gibson, 278 F.3d 1044, 1057 n.5 (10th Cir. 2001). However, the R&R's use of the "dead-bang winner" language is of no effect as Smith's arguments are disposed of under the deficiency prong of the Strickland test.

[10] Ineffective assistance of appellate counsel is the sole claim raised by Smith in seeking state post-conviction relief as well as federal habeas corpus relief; therefore, there are no exhaustion, waiver, or state procedural bar issues to consider.

Smith's ineffective assistance of appellate counsel claim, the Court must look to the merits of the omitted ineffective trial counsel claim. Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003). This, in turn, requires the Court to first look to the merits of the purported Miranda violation omitted by trial counsel.

        1.     Miranda Analysis of Smith's Incriminating Statement.

Miranda v. Arizona, 384 U.S. 436 (1966), sets forth certain procedural safeguards which must be given to Smith once he is in police custody and prior to police interrogation. Miranda's safeguards, however, are generally not implicated in the context of a valid Terry stop. Berkemer v. McCarty, 468 U.S. 420, 439 (1984). Therefore, the central questions are (1) Did Smith's incriminating statement occur while in police custody? and (2) If so, was it in response to police interrogation? After reviewing the submitted record, the Court answers both questions in the affirmative.

Turning to the record, Trooper's testimony at the preliminary hearing and at trial, when combined together, logically, clearly, and convincingly evidences the sequence of events leading up to Smith's incriminating "cocaine" statement. Trooper testified to the following facts at the preliminary hearing:

> Q    What questions did you ask [Smith] about the contraband after he was placed under arrest?
> A    I believe I asked [Smith] – *after* I placed him under arrest[,] *after* I had the handcuffs on him, *then* I informed them that I found a white substance which appeared to be meth. *At that point* I asked him if it was his. And the driver[, Smith, ] stated that it was not.

(Records, Ex. 3, at 51) (emphasis added). At Smith's trial, Trooper revealed additional pertinent facts:

> Q  What did you do with the baggy when you found it, trooper?
> A  I placed it on the front seat of the vehicle.
> Q  Did you alert [Smith] that you had found the substance?
> A  No, I did not.
> Q  Trooper, did you ever mention the word cocaine to [Smith]?
> A  No, I did not.
> Q  Did [Smith] ever give you any indication that he knew of the presence of the substance in the car?
> A  One time that he did, sir.
> Q  What indication was that?
> A  I had asked [Smith] and the passenger *many times* about methamphetamine. And the driver of the vehicle[, Smith,] stated to me that he was – it was cocaine and that he was going to do big time, sir.

(Id. at 67) (emphasis added). Trooper's testimony reveals that he placed Smith under formal arrest and handcuffed him prior to revealing his discovery of the baggie and prior to questioning Smith for the first time about the ownership of the baggie. Accordingly, the Court finds that Smith's incriminating "cocaine" statement, which came after Trooper's continued questioning of Smith "many times about methamphetamine[,]" could only have occurred after Trooper formally arrested Smith, and not during a Terry stop.

Smith's formal arrest fundamentally changed the character of Smith's initial detention pursuant to a valid Terry stop and "entitled [him] to the full panoply of protections prescribed by Miranda." Berkemer, 468 U.S. at 441. That "panoply of protections" is designed to guard Smith's Fifth Amendment right against self-incrimination while he is in the inherently coercive environment of police custody. Miranda, 384 U.S. at 467. Yet, according to

Trooper's testimony at the preliminary hearing, Trooper never gave Smith <u>Miranda</u> warnings at any time while he had Smith in custody:

> Q   Was [Smith] Mirandized at any time while you were on the side of the roadway?
> A   *No, he was not.*
> Q   Was he Mirandized any time once you got him to the county jail?
> A   *No, he was not.*  I did not talk to him whenever we were there.

(Records, Ex. 3, at 51) (emphasis added).  Furthermore, Smith's incriminating statement was in response to Trooper's repeated questioning regarding the methamphetamine and its owner: "I had asked [Smith] and the passenger *many times* about methamphetamine.  And the driver of the vehicle stated to me that he was – it was cocaine and that he was going to do big time . . . ." (<u>Id</u>. at 67) (emphasis added).  Trooper's repeated questioning constituted police interrogation, as he should reasonably have known that his questions were likely to elicit an incriminating response.  <u>Rhode Island v. Innis</u>, 446 U.S. 291, 301-03 (1980); <u>United States v. Perdue</u>, 8 F.3d 1455, 1465 (10th Cir. 1993) ("'Who does the marijuana belong to?' [is] the essence of interrogation.").  Therefore, the Court finds that Smith's incriminating "cocaine" statement was the product of Trooper's custodial interrogation in violation of <u>Miranda</u> and should have been suppressed.

        2.    Ineffective Assistance of Trial Counsel Analysis.

Here, trial counsel's omission of a clearly meritorious <u>Miranda</u> objection cannot be considered sound trial strategy or the result of reasonable professional judgment.  See <u>Strickland</u>, 466 U.S. at 689-91.  For Smith's trial, a successful <u>Miranda</u> objection would have

suppressed the only direct evidence the State had to prove the scienter and possession[11] elements of the trafficking charge.  See 63 OKLA. STAT. §§ 2-402, 2-415; White v. State, 1995 OK CR 15, ¶ 6, 900 P.2d 982, 986; (see also Records, Ex. 7, at 11) (discussing the direct and circumstantial evidence in the case used to convict Smith).  In turn, the State would have had to rely solely upon circumstantial evidence—facts such as Smith being the driver (though not the owner) of the car, and, though unemployed, having $2,325 on his person—to prove the scienter and possession elements of the trafficking charge.  (Records, Ex. 3, at 68; id. Ex. 7, at 11, 12.)  In so doing, the State would have had to "exclude every *reasonable* hypothesis except that of guilt to be sufficient."  Johnson v. State, 1988 OK CR 246, ¶ 5, 764 P.2d 530, 532 (emphasis in original).  The State's burden of proof at trial would, most certainly, have been harder to shoulder.  Trial counsel's performance was deficient for failing to raise the Miranda violation.

Moreover, if Smith's incriminating statement had been suppressed, there most certainly exists the reasonable probability that, in light of the remaining State's evidence, a jury "would have had a reasonable doubt respecting [Smith's] guilt" of the trafficking charge.  Strickland, 466 U.S. at 695.  Trial counsel's deficient performance prejudiced Smith, thereby undermining the Court's confidence in his conviction.  Accordingly, the Court finds that trial counsel was ineffective for failing to raise the clearly meritorious Miranda objection.

---

[11] The State had to prove constructive possession of the cocaine base since Trooper did not discover it in Smith's actual possession.  See Doyle v. State, 1988 OK CR 147, ¶¶ 6-8, 759 P.2d 223, 224 (1988).  "Constructive possession of a controlled dangerous substance is a showing that the accused had *knowledge* of its presence and the power or intent to control its disposition or use."  Id., ¶ 7, 759 P.2d at 224 (emphasis added).

### 3. Ineffective Assistance of Appellate Counsel Analysis.

While preparing Smith's direct appeal, appellate counsel possessed, inter alia, transcripts of Smith's preliminary hearing and jury trial. (Records, Ex. 3, at 49.) Both the <u>Miranda</u> violation and trial counsel's failure to raise it are readily apparent from the record. And, in light of the heavy impact a successful <u>Miranda</u> objection would have had on the State's evidence, appellate counsel's omission of the ineffective trial counsel claim cannot be attributed to the exercise of reasonable professional judgment. The ineffective trial counsel claim is certainly as strong an argument as the other arguments pursued on direct appeal, if not stronger. (<u>Compare</u> Records, Ex. 6 (listing Smith's arguments raised on direct appeal) <u>with</u> <u>id</u>., Ex. 2 (disposing of Smith's direct appeal arguments with Oklahoma law squarely on point)). Appellate counsel's winnowing out of a plainly meritorious argument on appeal directly establishes appellate counsel's deficient performance. <u>See</u> <u>Cargle</u>, 317 F.3d at 1202.

Due to the strength of the ineffective trial counsel claim and its underlying <u>Miranda</u> violation, as discussed above in detail, a reasonable probability exists that the OCCA's decision regarding Smith's direct appeal would have been different had appellate counsel raised the claim. Appellate counsel's deficient performance prejudiced Smith's defense on direct appeal, thereby undermining the Court's confidence in the outcome of Smith's direct appeal. Accordingly, the Court finds that appellate counsel was ineffective for failing to raise the ineffective trial counsel claim.

B.   Habeas Corpus Relief and § 2254 Analysis.

The 1996 enactment of the Antiterrorism and Effective Death Penalty Act placed additional restrictions on the Court's power to grant Smith's Petition, since the OCCA in its summary opinion adjudicated Smith's collateral appeal on the merits. Williams v. Taylor, 529 U.S. 362, 412 (2000). Consequently, the Court may only grant habeas relief if § 2254(d)'s rigid standards are met. Here, the grant of Smith's Petition is proper for two independent reasons: The OCCA's summary decision affirming the denial of post-conviction relief involves an unreasonable application of clearly established federal law, and its decision is based on an unreasonable determination of facts in light of clear testimony contained in the record.

1.   The OCCA's Unreasonable Application of Federal Law.

Federal law is "clearly established" if, at the time of the relevant state court's decision, the United States Supreme Court has addressed the legal issue in a holding and not in dicta. Williams, 529 U.S. at 412. An unreasonable application of clearly established federal law, however, is not synonymous with an erroneous or incorrect application of federal law. Id. at 410-12. "Stated simply, a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."[12] Id. at 409. The reasonableness of a state court's decision is

---

[12] "The term 'unreasonable' is no doubt difficult to define. That said, it is a common term in the legal world and, accordingly, federal judges are familiar with its meaning." Williams, 529 U.S. at 410.

determined in light of the record before the court at the time it rendered its decision. Holland v. Jackson, ___ U.S. ___, 124 S.Ct. 2736, 2737-78 (2004).

Here, federal law governing ineffective assistance of counsel claims had been clearly established in March 2004 when the OCCA denied Smith's ineffective assistance of appellate counsel claims on collateral appeal: Strickland v. Washington, 466 U.S. 668 (1984). Therefore, the Court must determine whether the OCCA's summary decision involved an objectively unreasonable application of the Strickland framework. The Court concludes it does.

The OCCA has "a constitutional obligation to safeguard personal liberties and to uphold federal law," Stone v. Powell, 428 U.S. 465, 494 n.35 (1976), when it reviews on appeal whether or not a convicted defendant received a fair trial in the state court below. Inherent in the OCCA's constitutional obligation is a duty to safeguard Smith's Sixth Amendment right to effective assistance of counsel. Strickland, 466 U.S. at 684-86. Effective trial counsel would have protected Smith's Fifth Amendment right against self-incrimination. Smith's trial counsel, however, was ineffective for failing to object to the Miranda violation and thus guard against the admission into evidence of his incriminating statement made during custodial interrogation. In turn, appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness. The OCCA failed to recognize the ineffectiveness of either trial or appellate counsel, as well as the underlying Miranda violation. In light of the clear record before the OCCA at the time it rendered its decision, the Court is persuaded that OCCA's decision to affirm the state district court's denial of

Smith's ineffective assistance claim involved an objectively unreasonable application of Strickland.

2.   The OCCA's Unreasonable Determination of Facts.

Under § 2254(e)(1), all factual determinations made by the OCCA are presumed to be correct. However, Smith may rebut this presumption with clear and convincing evidence. Id. Accordingly, if the OCCA's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[,]" the Court may grant Smith's Petition. 28 U.S.C. § 2254(d).

Here, the state district court tersely denied Smith's ineffective assistance of appellate counsel claim in two sentences: "Lack of Miranda warning is not an issue for appeal where [Smith] advised the trooper subsequent to his search that trooper had found cocaine not methamphetamine in his search. No lack of effective [appellate counsel] assistance for failing to present an [ineffective trial counsel] argument not supported by the facts of the case." (Records, Ex. 4, at 2.) Upon appellate review, the OCCA denied Smith's ineffective assistance of appellate counsel claim in like manner: "The record before this [c]ourt does not support [Smith]'s contention that he was denied effective assistance of counsel on appeal." (Id., Ex. 1, at 2.) Due to the OCCA's lack of explanation in its summary affirmation, and without evidence to the contrary, the Court is persuaded that the OCCA based its holding on the same reason given by the state district court—the Miranda argument girding the ineffective counsel claim was unsupported by the facts of the case. However, the record clearly and convincingly evidences the contrary; Smith's incriminating "cocaine" statement

was the product of Trooper's custodial interrogation in violation of <u>Miranda</u>. Therefore, the Court finds that the OCCA's decision was based on an objectively unreasonable determination of the facts in light of the clear and convincing evidence contained in the trial record.

## CONCLUSION

Upon de novo review of the disputed issues, and as delineated more fully herein, Smith's objections (Dkt. No. 24) are **OVERRULED IN PART** and the R&R (Dkt. No. 20) **ADOPTED IN PART**.  However, after reviewing Smith's Petition for Writ of Habeas Corpus (Dkt. No. 7), the Court finds that Smith's claim of ineffective assistance of appellate counsel is meritorious; therefore, the Court **GRANTS A CONDITIONAL WRIT OF HABEAS CORPUS**.  Respondent is **ORDERED** to take all necessary steps within the next ninety days to set a new trial date for Smith on the charge of Trafficking in Illegal Drugs–Cocaine Base.  If a new trial date is not set within the appointed time, the writ of habeas corpus will issue directing that Smith be immediately released from the custody of the State of Oklahoma.  The parties are **DIRECTED** to jointly notify the Court within ninety days from the date of this Order regarding the status of the state court proceedings.

IT IS SO ORDERED this 18th day of April, 2005.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge